AO 450 (SCD 04/2010)   Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of South Carolina

|  |  |  |
|---|---|---|
| Slep Tone Entertainment Corporation, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:14-cv-04388-MGL |
| Pop's Place Bar and Grill, Inc.; Charlotte Cantrell, | ) | |
| *Defendant* | ) | |

**JUDGMENT IN A CIVIL ACTION**

The court has ordered that *(check one)*:

■ the plaintiff Slep Tone Entertainment Corporation recover from the defendants Pop's Place Bar and Grill, Inc. and Charlotte Cantrell the amount of Fifty Thousand dollars and 00/100 ($50,000.00), plus postjudgment interest at the rate of .26 %, along with attorney's fees in the amount of Six Thousand Seven Hundred and Thirteen dollars and 25/100 ($6,713.25). Defendants and their agents, employees, and all persons in active concert or participation with them and having knowledge of this Order are hereby permanently

ENJOINED:

(a) from using or displaying (including making, copying, sharing, distributing, selling, or otherwise using, and particularly including use to provide karaoke services), commercially or otherwise, any karaoke accompaniment track that is marked with either the mark in U.S. Trademark Registration Nos. 1,923,448 and 4,099,045, both for the word trademark SOUND CHOICE®, or the mark in U.S. Trademark Registration Nos. 2,000,725 and 4,099,052, both for the design trademark SOUND CHOICE & Design®, without the prior, express written permission of Slep-Tone or its successor-in-interest, if any, to the ownership of those marks or in any manner that is inconsistent with the following media-shifting policy established by Slep-Tone:

(i) The karaoke host must purchase one authorized copy of each Sound Choice karaoke track on an authorized, original medium (CD) for each alternative medium (such as a hard drive) to which the host wishes to shift the content.

(ii) If a track is shifted to another medium, the entire track must be shifted (i.e., no "chopping").

(iii) The karaoke host must maintain ownership and possession of both the authorized original medium and the alternative medium during the entire time in which the content has been shifted to the alternative medium.(iv) The karaoke host must not use the authorized original medium to produce a karaoke show or for any other commercial purpose (including shifting the content to another alternative medium) during the time in which the content has been shifted to the alternative medium.

(v) If the karaoke host discontinues possession of either the authorized original medium or the alternative medium, the associated tracks must be removed from the alternative medium.

(vi) The karaoke host notifies Slep-Tone that the karaoke host intends to conduct or has conducted a media-shift or format-shift, and submits to a verification of adherence to Slep-Tone's policy; and

(b) from making, copying, sharing, distributing, selling, or otherwise using digitized copies of karaoke accompaniment tracks, commercially or otherwise, which tracks are marked with any mark or other designation belong to any person from whom the Defendant has not obtained written authorization from the owner thereof to make, copy, share, distribute, sell, or otherwise use the digitized copy.

This action was *(check one)*:
❏ tried by a jury, the Honorable _____ presiding, and the jury has rendered a verdict.

❏ tried by the Honorable _____ presiding, without a jury and the above decision was reached.

■ decided by the Honorable Mary Geiger Lewis.

Date:   November 5, 2015                                   ROBIN L. BLUME, CLERK OF COURT


                                                                         s/Ashley Buckingham
                                                            *Signature of Clerk or Deputy Clerk*